IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARK DENNIS WEBB and
LISA HARRINGTON WEBB,
PLAINTIFF

Case No.: ___3:21-cv-38-HTW-LGI___

vs.

SE GROCERS, LLC and
WINN-DIXIE MONTGOMERY, LLC,
DEFENDANTS

### DEFENDANTS' NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, PLAINTIFFS MARK DENNIS WEBB AND LISA HARRINGTON WEBB, AND THEIR ATTORNEY OF RECORD

Defendants SE Grocers, LLC ("SEG")[1] and Winn-Dixie Montgomery, LLC ("Winn-Dixie") (collectively "Defendants"), by and through their undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and L.U.Civ.R. 5(b), hereby provide notice of the removal of Case No. 20-cv-156 from the Circuit Court of Lauderdale County for the State of Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division. Removal is based on 28 U.S.C. §§ 1332 and 1441, and the procedural requirements for removal have been satisfied. Removal of this action is based on the following facts:

**I. The Parties Are Diverse.**

1. On December 21, 2020, Plaintiffs Mark Dennis Webb and Lisa Harrington Webb (collectively "Plaintiffs") filed this action against Defendants SEG and Winn-Dixie in the Circuit

---

[1] Defendants note that Southeastern Grocers, LLC is an inactive entity. Exhibit 4B. The correct entity is Southeastern Grocers, Inc. Exhibit 5.

Court of Lauderdale County, State of Mississippi entitled *Mark Dennis Webb and Lisa Harrington Webb v. SE Grocers, LLC and Winn-Dixie Montgomery, LLC*, Case No. 20-cv-156.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon the Defendants is attached hereto.

3. A copy of the Complaint, Summons, and Combined Discovery to Defendants was served on Winn-Dixie's registered agent, CSC, on December 23, 2020. Exhibit 1. No other pleadings have been delivered to Winn-Dixie.

4. A copy of the Complaint, Summons, and Combined Discovery to Defendants was served on SEG on December 28, 2020. Exhibits 2, 3. No other pleadings have been delivered to SEG.

5. A true and correct certified copy of the entire state court file will be filed within fourteen (14) days of the filing of this Notice of Removal, as required by L.U. Civ.R. 5(b).

6. Plaintiff Mark Dennis Webb alleges that he is an adult resident citizen of Lauderdale County, Mississippi and resides at 4955 Russell Topton Road, Toomsuba, Mississippi 39364. (Exhibit 1, Complaint, ¶ 1). Defendants are therefore informed and believe that Plaintiff Mark Dennis Webb is a citizen and resident of the State of Mississippi.

7. Plaintiff Lisa Harrington Webb alleges that she is an adult resident citizen of Lauderdale County, Mississippi and resides at 4955 Russell Topton Road, Toomsuba, Mississippi 39364. (Exhibit 1, Complaint, ¶ 2). Defendants are therefore informed and believe that Plaintiff Lisa Harrington Webb is a citizen and resident of the State of Mississippi.

8. At the time the Complaint was filed and served on Winn-Dixie, and as of the date of this Notice of Removal, Winn-Dixie was (and is) a Florida limited liability company. (Exhibit 4, Declaration of S. Grimm, ¶1). Winn-Dixie's principal place of business is located at 8928

Prominence Parkway #200, Jacksonville, Florida 32256. (Exhibit 4, Declaration of S. Grimm, ¶ 1).

9. At the time the Complaint was filed and served on SEG, and as of the date of this Notice of Removal, SEG was (and is) a Delaware corporation. (Exhibit 4, Declaration of S. Grimm, ¶ 1). SEG's principal place of business is located at 8928 Prominence Parkway #200, Jacksonville, Florida 32256. (Exhibit 4, Declaration of S. Grimm, ¶ 1).

10. As such, Winn-Dixie is a citizen of the state of Florida and SEG is a citizen of the states of Delaware and Florida for diversity purposes. *See Hertz v. Friend*, 559 U.S. 77, 91, 130 S. Ct. 1181, 1192 (2010) (a corporation's place of citizenship "should normally be the place where the corporation maintains its headquarters."). Thus, SEG and Winn-Dixie are completely diverse from Plaintiffs for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(a)(1) (diversity of citizenship exists for jurisdictional purposes where the action "is between . . . citizens of different states").

**II.   The Matter in Controversy Exceeds $75,000.00.**

11. Federal district courts "have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

12. The party who invokes such federal diversity jurisdiction "bears the burden of establishing the facts necessary to show that federal jurisdiction exists[.]" *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13. When analyzing whether a removing party "has met this burden, [courts] must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

"Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

14. Plaintiffs, in their Complaint, demand a specific amount of compensatory damages and punitive damages – $2,000,000.00 in compensatory damages and punitive damages in an amount not less than $1,000,000.00. (Exhibit 1, Complaint, p. 6).

15. While Plaintiffs also demand damages for loss of consortium[2] and attorneys' fees, they do not demand a specific monetary amount for these damages.

16. Where a plaintiff's complaint does not specify the amount of damages sought, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (quoting *St. Paul Reinsurance Co. Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

### a. Compensatory Damages for Past and Future Lost Income and Other Compensation and Emotional Distress.

17. Plaintiffs demand $2,000,000.00 in compensatory damages.

18. While they provide no calculations or explanation for the amount of compensatory damages they demand, it is clear from Plaintiffs' allegations that, by a preponderance of the evidence, the $75,000.00 jurisdictional threshold is met.

---

[2] Numerous courts, including the Southern District of Mississippi, have held that "an individual may not assert a loss of consortium claim based upon another Title VII claim." *Willard v. O'Reilly Auto., Inc.*, 2007 WL 2826636, at *2 (S.D. Miss. Sept. 25, 2007) (collecting cases). To the extent Plaintiffs seek damages for loss of consortium based on Count III ("Defamation: Libel/Slander"), Defendant notes that the Fifth Circuit has explained "there is no 'monetary yardstick' for determining the value of such loss, and the judge simply has to base the damages on his 'observations, experience, and knowledge[.]'" *U.S. v. Varner*, 400 F.2d 369, 373 (5th Cir. 1968) (quoting *Redding v. U.S.*, 196 F.Supp. 871, 888 (W.D. Ark. 1961)). As such, Defendants do not include an analysis of damages for the loss of consortium claim herein.

19. Plaintiff's annual salary as of his termination from employment effective June 2, 2020 was $48,960.00. (Exhibit 4, Declaration of S. Grimm, ¶ 5). Plaintiff's potential back pay as of the date of the filing of this Notice of Removal is $30,985.64. Conservatively estimating a trial date 18 months from now, Plaintiff's back pay damages would be $73,440.00. Assuming a two year award of Plaintiff's front pay damages, that amount would be $97,920.00. The aggregate of such damages clearly exceeds the $75,000 amount in controversy threshold.

20. To determine potential emotional distress damages for removal purposes, courts can consider emotional distress damage awards in similar cases. *See Lemus v. Intercontinental Hotels Corp.*, 2000 WL 526872, at *2 (E.D. La. May 1, 2000) (evidence of awards for emotional distress in similar cases can be considered in determining amount in controversy).

21. The Fifth Circuit Court of Appeals has affirmed awards of $75,000.00 and higher for emotional distress damages in employment discrimination and retaliation cases. *See e.g., Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996) (Fifth Circuit upheld jury's award of $75,000.00 for emotional distress damages to one plaintiff and $100,000.00 for such damages to the other plaintiff in an employment retaliation case); *see also Giles v. General Electric Co.*, 245 F.3d 474, 489 (5th Cir. 2001) (court awarded $150,000.00 for emotional distress damages to plaintiff in an employment discrimination case).

### b. Punitive Damages.

22. Plaintiffs demand punitive damages in connection with Count I ("EEOC Charge") and Count III ("Defamation: Libel/Slander"). (Exhibit 1, Complaint ¶¶ 15, 21). As stated above, Plaintiffs seek "punitive damages in an amount consistent with Mississippi Code Ann. § 11-1-65, the amount not to be less than $1,000,000.00."

23. Title VII allows for an award of punitive damages in "cases of 'intentional discrimination,'" which is what Plaintiffs have alleged in the instant suit (Exhibit 1, Complaint ¶ 15). *Rubinstein v. Administrators of Tulane Educational Fund*, 218 F.3d 392, 404 (5th Cir. 2000).

24. Winn-Dixie employs more than 500 employees. As such, the potential, but capped, punitive damages claimed by Plaintiff are $300,000.00. 42 U.S.C. § 1981a(b)(3)(D).

25. Plaintiffs in defamation actions may also be awarded punitive damages. *Newson v. Henry*, 443 So. 2d 817, 824 (Miss. 1983) (citing 50 Am.Jur.2d Libel and Slander § 352 (1970)).

26. Mississippi Code § 11-1-65 provides limitations on the amount of punitive damages that may be awarded based on the net worth of the defendant. An award of punitive damages may range from 2% of the defendant's net worth, where the defendant's net worth is $50,000,000.00 or less, to $20,000,000.00, where the defendant's net worth is $1,000,000,000.00. (Miss. Code. § 11-1-65 (3)(a)).

27. Even assuming, conservatively, that Defendants' net worth is $5,000,000.00, punitive damages could be awarded in an amount of up to $100,000.00 under the Mississippi statute.

28. Indeed, the Fifth Circuit has affirmed punitive damages awards in similar cases in far greater amounts. *See e.g., Clements v. Fitzgerald's Mississippi, Inc.*, 128 F. App'x 351, 352 (5th Cir. 2005) (Fifth Circuit upheld the Northern District of Mississippi's award of $260,000 for punitive damages in a race discrimination case); *see also Abner v. Kansas City S. R. Co.*, 513 F.3d 154, 165 (5th Cir. 2008) (Fifth Circuit affirmed punitive damages of $125,000 per plaintiff in a race discrimination case).

   c. **Attorneys' Fees.**

29. Title VII allows for awards of attorneys' fees to prevailing plaintiffs. *Giles*, 245 F.3d at 490. The Fifth Circuit has upheld awards for attorneys' fees in excess of $75,000.00 in employment discrimination cases. *See e.g., id.* (affirming award of $150,837.00 to prevailing plaintiff for attorneys' fees in discrimination case).

   d. **Other Procedural Requirements for Removal Have Been Met.**

30. Defendants have satisfied all other procedural requirements to remove this case to this Court.

31. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is being filed within 30 days following Plaintiff's service of the Complaint and Summons on Winn-Dixie on December 23, 2020.

32. This Court is the proper federal court for the removal of Plaintiff's action. Removal to the U.S. District Court for the Southern District of Mississippi is appropriate because this Court embraces those cases filed within the venue of the Circuit Court of Lauderdale County for the State of Mississippi, which is where Plaintiffs commenced their state court action. *See* 28 U.S.C. § 1441(a) (a state court civil action is properly removed "to the district court of the United States for the district and division embracing the place where such action is pending.").

33. Contemporaneous with this filing, Defendants have filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Lauderdale County and have served a copy on all parties of record as required by 28 U.S.C. § 1446(d).

### III. Conclusion

34. Based on the foregoing, this Court has original jurisdiction over this action because the matter in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendants pray the above action now pending against them in the Circuit Court of Lauderdale County for the State of Mississippi be removed therefrom to this Court.

Respectfully submitted,

SE GROCERS, LLC and WINN-DIXIE MONTGOMERY, LLC, DEFENDANTS

*/s/ Betty Burton Arinder*
Betty Burton Arinder, MSB No. 5254
*One of Their Attorneys*
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
P: 601-605-6900 / F: 601-605-6901
barinder@wellsmar.com

### CERTIFICATE OF SERVICE

I Betty Burton Arinder, HEREBY CERTIFY that on this 19th day of January, 2021, I electronically filed the foregoing Notice of Removal with the Clerk of Court by using the CM/ECF system which will serve a copy of same via email upon:

J. Richard Barry, MSB No. 2077
Rimen Singh, MSB No. 106156
Barry, Thaggard & May, LLP
P.O. Box 2009
Meridian, MS 39302
601-693-2393
barry@btmlegal.com

*/s/ Betty Burton Arinder*
Attorney for Defendants