IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARK DENNIS WEBB and
LISA HARRINGTON WEBB                                                                        PLAINTIFFS

VS.                                                          CIVIL ACTION NO. 3:21-CV-038 HTW-LGI

SE GROCERS, LLC and
WINN- DIXIE MONTGOMERY, LLC                                                         DEFENDANTS

**<u>ORDER</u>**

Before this court are five motions representing all currently pending motions in this case. This court conducted a hearing on these matters on February 11, 2022. Counsel for Plaintiffs and Defendants were present, and this court heard oral arguments from each side. This court considered the following motions: (1) Defendants' Motion for Summary Judgment [doc. no. 80]; (2) Defendants' Motion for Protective Order [doc. no. 96]; (3) Defendants' Motion for Leave to File Excess Pages [doc. no. 97]; (4) Plaintiffs' Motion to Consolidate Cases [doc. no. 103]; and (5) Plaintiffs' Motion to Strike Notice of Authority [doc. no. 108].

JURISDICTION

The subject matter jurisdiction of this court is invoked pursuant to diversity of citizenship in accordance with 28 U.S.C. § 1332, which provides that the federal district courts shall have original jurisdiction of civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. When cases are brought to federal courts on diversity grounds, the substantive law of the forum state applies. *James v. State Farm Mut. Auto. Ins. Co.,* 743 F.3d 65, 69 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

1

DISCUSSION

This court made its ruling from the bench on the above motions, which ruling is incorporated in this Order. This court will discuss each motion in the sequence listed above.

### 1. Defendants' Motion For Summary Judgment [doc. no. 80]

The Plaintiffs asked this court to defer its ruling on Defendant's Motion for Summary Judgment [doc. no. 80] to allow for Plaintiffs to conduct additional discovery, since discovery was stayed in the case by the Magistrate Judge on September 21, 2021. Plaintiffs asked the court to delay its ruling to allow them to take the 30(b)(6) deposition and the deposition of the district manager.

Defendants opposed the request, pointing out that discovery was not stayed until nine days before discovery was scheduled to end, and that Plaintiffs had engaged in extensive discovery between March of 2020, and September 21, 2021, when discovery was stayed.

This court is persuaded to defer ruling on the summary judgment motion until Plaintiffs have completed their additional discovery. Plaintiffs are allowed thirty days from February 11, the date of the hearing, to complete the additional discovery, and that discovery is limited to the two depositions requested – the 30(b) deposition and deposition of the district manager—and is limited to discovery in this current lawsuit. If, after Defendants receive Plaintiffs' 30(b)(6) Notice describing the matters for examination, Defendants are aggrieved, Defendants are directed to contact the court so this court can ensure a smooth discovery sequence and can derive the information needed to propel this litigation forward.

### 2. Defendants' Motion for Protective Order [doc. No. 96]

This court is also persuaded to defer ruling on the Defendants' Motion for Protective Order. As part of its ruling from the bench, this court directed the parties to provide additional

information concerning this issue. During oral arguments on this motion both sides referenced a portion of the deposition testimony of Sandy Grimm which was not attached as an exhibit to any of the briefs. This court, therefore, directed Plaintiffs to provide to the court copies of the relevant pages (pp. 95, 96) of the deposition discussed during the hearing. Defendants were instructed by this court to provide proof of the date of implementation of the personnel policy at issue. Both parties were directed to submit additional authority regarding the motion for protective order within five days of the date of the hearing, or by February 16, 2022.

### 3. Defendants' Motion for Leave to File Excess Pages [doc. no. 97]

Defendants' motion requesting to be allowed to file pages in excess of the limit provided by the local rules is granted. Defendants have already filed their brief, and it exceeds the limit by only a few pages. The motion is granted.

### 4. Plaintiffs' Motion to Consolidate Cases [doc. no. 103]

Plaintiffs filed on October 14, 2021, a Motion to Amend/Correct Complaint. Before this court ruled on Plaintiffs' motion, however, Plaintiffs filed a new Complaint in a separate Civil Act. No. 3:21-cv-754 DPJ-FKB, assigned to a different district court judge. Consequently, Magistrate Judge Isaac issued on January 18, 2022, a Text Only Order finding Plaintiffs' Motion for Leave to Amend/Correct to be moot. In the meantime, on December 2, 2021, Plaintiffs filed a motion to consolidate the two cases.

Rule 42 of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). District courts in this Circuit consider a variety of factors when addressing a motion to consolidate, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Troupe v. Barbour*, No. 3:10-CV-153-HTW-MTP, 2016 U.S. Dist. LEXIS 189218, at *5-6 (S.D. Miss. Dec. 6, 2016); *Crest Audio, Inc. v. QSC Audio Prods.*, No. 3:12-CV-755-CWR-FKB, 2016 U.S. Dist. LEXIS 80561, at *5-6 (S.D. Miss. Mar. 4, 2016).  "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989

The two actions concern the same plaintiffs and the same defendants; however, the two lawsuits involve different facts and different law.  The claim for retaliation in the case at hand differs from the claim of retaliation in the case before Judge Jordan.  The former concerns allegations of wrongful termination while the latter involves accusations of retaliatory failure to hire.

Additionally, the instant case has been litigated for over a year, while the other case was only filed on November 19, 2021, a few months ago.  Discovery in the case *sub judice*, is complete, with the exception of the two additional depositions authorized by this court in this Order.  The other case has not progressed as far as the Case Management Conference or entry of a Case Management Order.  Because the lawsuits are at such different stages, this court is not persuaded that consolidation would reserve judicial resources, and this court is further convinced that consolidation would have the probable effect of increasing the time for resolving the cases.

The cases are not in parity. They involve different laws, different facts, different witnesses, and the present case, in the absence of a grant of summary judgment, will proceed to trial much sooner.

This court is also concerned that there is a risk of jury overload and confusion if the cases are consolidated; and there is the potential of prejudice to the Defendants. Plaintiff might be able to demonstrate to the jury fourteen instances of completing his job application truthfully, whereas Defendants might be able to show only one false application that Plaintiff submitted, thereby bolstering Plaintiff's position in the eyes of the jury as to the issues in the instant case.

This court is persuaded that the motion to consolidate should be denied.

5. **Plaintiffs' Motion to Strike Defendants' Notice of Authority [doc. no. 108]**

Plaintiffs asked this court to strike the Notice of Authority filed by Defendants which defendants state was actually an unauthorized sur-reply, filed without leave of this court. Plaintiffs acknowledged, however, that they suffered no prejudice aa a result of the filing. Therefore, this court denied Plaintiff's motion to strike [doc. no. 96].

THE AMENDED COMPLAINT IS MOOT

Plaintiffs on the date of the hearing filed an Amended Complaint [doc. no. 113] in this lawsuit. Plaintiffs acknowledge that the Amended Complaint is identical to the Complaint that was filed in Civil Action No. 3:21-cv-754 DPJ-FKB before Judge Dan Jordan. This court, having denied the motion to consolidate, finds the Amended Complaint to be moot. This litigation will proceed under the initial Complaint filed in this case as removed from the Circuit Court of Lauderdale County.

## CONCLUSION

The ruling on the Defendants' Motion for Summary Judgment **[doc. no. 80] is deferred.** The ruling on Defendants' Motion for Protective Order **[doc. no. 96] is deferred**. Defendants' Motion for Leave to File Excess Pages **[doc. no. 97] is granted.** Plaintiffs' Motion to Consolidate Cases **[doc. no. 103] is denied**. Plaintiffs' Motion to Strike Notice of Authority **[doc. no. 108] is denied.**

SO ORDERED AND ADJUDGED, this the 1st day of March, 2022.

                                                            s/HENRY T. WINGATE
                                                            UNITED STATES DISTRICT JUDGE